```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RATES TECHNOLOGY INC.,

                Plaintiff,
                                        ORDER ADOPTING REPORT
        -against-                       AND RECOMMENDATION
                                        05-CV-2755 (JS)(AKT)
MEDIATRIX TELECOM, INC. and MEDIA5
CORPORATION,

                Defendants.

----------------------------------X
Appearances:
For Plaintiff:      James B. Hicks, Esq.
                    Hicks/Park Law, LLP
                    824 Wilshire Blvd., Suite 300
                    Los Angeles, CA 90071

                    David Lazer, Esq.
                    Lazer, Aptheker, Rosella & Yedid, P.C.
                    225 Old Country Road
                    Melville, NY 11747-2712

For Defendants:     Ethan Horwitz, Esq.
                    Goodwin Proctor LLP
                    599 Lexington Avenue
                    New York, NY 10022
```

SEYBERT, District Judge:

The Court is in receipt of Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation with respect to (1) Mediatrix Telecom, Inc.'s and Media5 Corporation's (collectively, "Defendants") motion for a Markman hearing, (2) Defendants' motion pursuant to Rule 11 of the Federal Rules of Civil Procedure to dismiss and as a discovery sanction, (3) Defendants' motion to dismiss pursuant to Rule 11, (4) Plaintiff Rates Technology Inc.'s ("Plaintiff") motion for leave to file a First Amended Complaint, and (5) Plaintiff's and Defendants' motions for costs and

attorneys' fees, dated March 16, 2007 ("Report and Recommendation"). Magistrate Judge Tomlinson recommended that this Court (1) deny Defendants' request for an immediate <u>Markman</u> hearing, (2) deny Defendants' Rule 11 motion to dismiss and as a discovery sanction, (3) deny Defendants' motion to dismiss under Rule 11, (4) grant Plaintiff's motion for leave to file a First Amended Complaint, and (5) deny Plaintiff's and Defendants' motions for costs and attorneys' fees. Presently pending before the Court are Defendants' objections to the Report and Recommendation with respect to Defendants' Rule 11 motions and Plaintiff's motion for leave to file a First Amended Complaint. At the outset, the Court hereby ADOPTS those portions of the Report and Recommendation to which no party objects; namely, denial of Defendants' request for an immediate <u>Markman</u> hearing and both parties motions for costs and attorneys' fees.

## BACKGROUND

The Report and Recommendation sets forth the facts of this case in a thorough manner, and therefore, the Court will not recite them. To the extent the parties require a primer, the Court refers them to the Report and Recommendation.

## DISCUSSION

I. <u>Standard Of Review</u>

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of

the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within ten days of receiving the recommended disposition. See FED. R. CIV. P. 72(b). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C); see also Fed. R. Civ. P. 72(b). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-324, 2002 U.S. Dist. LEXIS 3453, at *2 (S.D.N.Y. March 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Barratt, 2002 U.S. Dist. LEXIS 3453, at *2 (citations omitted).

Defendants make specific objections to three conclusions reached by Magistrate Judge Tomlinson. Specifically, Judge

3

Tomlinson concluded that (1) the Rule 11 motion to dismiss should be denied, (2) Plaintiff withdrew the Complaint within Rule 11's "safe-harbor" period by filing a motion for leave to file a First Amended Complaint, and (3) Plaintiff should be granted leave to file a First Amended Complaint. The Court, therefore, will engage in a de novo review of such specified findings of the Report and Recommendation. Under the de novo standard, the Court will make an independent determination of these issues, giving no deference to any previous resolution. See Nomura Sec. Int'l, Inc. v. E*Trade Sec., Inc., 280 F. Supp. 2d 184, 198 (S.D.N.Y. 2003). The Court is not limited to consideration of evidence presented to the magistrate judge, but may review the entire record. See Fed. R. Civ. P. 72(b).

II. Rule 11

    A. Legal Standard

Rule 11 requires that an attorney sign every pleading, written motion, and other paper filed with the courts. Fed. R. Civ. P. 11(a). By doing so, the attorney certifies

> that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the

4

> extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b). Accordingly,

> Rule 11(b) requires an attorney to conduct a reasonable inquiry into the law and facts before filing a pleading in a court and to certify that the claims contained therein are not frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose.

Q-Pharma, Inc. v. The Andrew Jergens Co., 360 F.3d 1295, 1300 (Fed. Cir. 2004). In the context of patent infringement cases, the Federal Circuit has interpreted "Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement. Id. at 1300-01; see also Antonius v. Spalding & Evenflo Co., Inc., 275 F.3d 1066, 1072 (Fed. Cir. 2002).

Rule 11(c) permits a district court to impose sanctions on the attorneys, law firms, or parties who have so violated Rule 11(b). Fed. R. Civ. P. 11(c). It is well established that "[t]he decision whether to impose a sanction for a Rule 11(b) violation is . . . committed to the district court's discretion." Perez v.

5

Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004). Even where the Court determines the existence of a Rule 11(b) violation, a district court is not required to impose sanctions. See id. If the Court decides to impose sanctions, dismissal of the action is among the appropriate sanctions a court may impose. See Safe-Strap Co., Inc. v. Koala Corp., 270 F. Supp. 2d 407, 417-18 (S.D.N.Y. 2003). Rule 11 dismissal, however, "is the harshest sanction available to a district court and should thus 'be imposed only in extreme circumstances.'" Id. at 418 (S.D.N.Y. 2003) (quoting Gilpin v. Phillip Morris Int'l, Inc., No. 01-CV-5960, 2002 U.S. Dist. LEXIS 12181, at *8 (S.D.N.Y. July 8, 2002) (quoting Jones v. Niagra Frontier Transp. Auth., 836 F.2d 731, 734-35 (2d Cir. 1987), cert. denied, 488 U.S. 825, 109 S. Ct. 74, 102 L. Ed. 2d 50 (1988))); see also Dodson v. Runyon, 86 F.3d 37, 39 (2d Cir. 1996), cert. denied, 520 U.S. 1156 (1997) (internal quotation marks omitted) (alteration in original) ("The remedy [of dismissal] is pungent, rarely used, and conclusive. A district judge should only employ it when he is sure of the impotence of lesser sanctions."); Salhuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986) (internal quotation marks omitted) ("It is well settled law in this Circuit that dismissal . . . is a drastic penalty which should be imposed only in extreme circumstances.").

  B. <u>Safe-Harbor Provision</u>

    In 1993, a safe-harbor provision was added to Rule 11,

which provides that a Rule 11 motion for sanctions must be served on the opposing party at least 21 days (or such other period as the court may prescribe) prior to filing the motion with the court. Fed. R. Civ. P. 11(c)(1)(A). This section has the effect of providing the party subject to the motion an opportunity to avoid the Rule 11 motion "unless, after receiving the motion, it refused to withdraw that position or to acknowledge candidly that it did not . . . have evidence to support a specified allegation." Fed. R. Civ. P. 11 Advisory Committee's Note (1993 Amendments). Accordingly, the movant may not properly bring the Rule 11 motion if the opposing party withdraws, corrects, or moves for leave to file an amended complaint within the safe-harbor period. See Team Obsolete Ltd. v. A.H.R.M.A. Ltd., 216 F.R.D. 29, 43-44 (E.D.N.Y. 2003) (finding that plaintiffs were sheltered from a Rule 11 motion because they sought leave to amend within the agreed upon safe-harbor period); Dee-K Enters., Inc. v. Heveafil Sdn. Bhd., 177 F.R.D. 351, 354-55 (E.D. Va. 1998).

   C.   Analysis

   Defendants put forth two main arguments with respect to Magistrate Judge Tomlinson's findings as they pertain to Defendants' Rule 11 motions: (1) Plaintiff did not conduct a proper pre-filing investigation because it did not analyze the '085 patent and '769 patent element by element and (2) Plaintiff should not be afforded protection by Rule 11's safe-harbor provision because its

proposed First Amended Complaint is almost identical to the Complaint; therefore, it did not withdraw the offensive pleading.

    1.   <u>Merits Of Rule 11 Motion</u>

With respect to Plaintiff's pre-filing investigation, Defendants argue that Judge Tomlinson's reliance on a March 15, 2005 letter by a consulting engineer, Shlomo Shur, as evidence of an adequate pre-filing investigation is misplaced because Mr. Shur is not a lawyer and the letter does not contain a claim construction or element-by-element comparison of the claims to any of Defendants' devices. (Defs.' Objections to Report and Recommendation 4-5 ("Defs.' Objections").)

As part of Plaintiff's pre-filing investigation, in addition to Mr. Shur's review, Plaintiff proffers that it tested one of Defendants' products, reviewed Defendants' website literature of their other products and services, and concluded that Defendants' products infringe on the patents at issue. (Pl.'s Opp'n to Defs.' Rule 11 Mot. 7-9.) In addition, Plaintiff's patent lawyer, Robert Epstein, formulated a claim chart analysis, which it produced to Magistrate Judge Tomlinson at a conference held on October 4, 2006 along with several of Defendants' documents supporting Plaintiff's infringement theories. (Hr'g Tr. 46-48, Oct. 4, 2006.)

As noted by Magistrate Judge Tomlinson, when deciding a Rule 11 motion, "it is not for [the Court] to determine whether

[Plaintiff's] pre-filing interpretation of the asserted claims was correct, but only whether it was frivolous." Q-Pharma, 360 F.3d at 1301. As in Q-Pharma, Plaintiff purchased one of Defendants' devices, reviewed the product, tested it, and compared it with the patent claims prior to filing suit. (Defs.' Objections n.6.; see also Q-Pharma, 360 F.3d at 1302-03 (citing Judin v. United States, 110 F.3d 780 (Fed. Cir. 1997)) (distinguishing facts from Judin in which sanctions were awarded because the plaintiff did not obtain a sample of the accused product and did not compare the accused product with the patent claims prior to filing the complaint).) The Court finds the facts here more analogous to those in Q-Pharma than in Judin. As a result, the Court finds that Plaintiff's pre-filing investigation was neither frivolous nor unreasonable. Moreover, even if the Court were to find Plaintiff's pre-filing investigation lacking, the Court does not find the underlying facts of this action so extreme or extraordinary to warrant the imposition of dismissal with prejudice. See Dodson, 86 F.3d at 39 (internal quotation marks omitted) (alteration in original) ("The remedy [of dismissal] is pungent, rarely used, and conclusive. A district judge should only employ it when he is sure of the impotence of lesser sanctions.").

  2. Safe-Harbor Provision

As an initial matter, because the Court has determined that Plaintiff's pre-filing investigation was adequate, it is

irrelevant whether Plaintiff can take advantage of the safe-harbor provision. Nevertheless, since Magistrate Judge Tomlinson addressed the safe-harbor issue in the Report and Recommendation, this Court will entertain Defendants' objection with respect thereto.

As detailed in the Report and Recommendation, Defendants served their Rule 11 motion on Plaintiff on July 31, 2006. Magistrate Judge Tomlinson permitted Plaintiff until September 5, 2006 to respond to Defendants' Rule 11 motion. In an August 28, 2006 email, Plaintiff's counsel wrote to Defendants' counsel that Plaintiff was withdrawing its claims alleged in the Complaint and seeking leave to file an Amended Complaint. (Report and Recommendation 11-12.) On August 31, 2006, Plaintiff filed a motion for leave to file a First Amended Complaint. Subsequently, on September 5, 2006, Defendants filed their Rule 11 motion with the Court. Defendants primary objection with respect to this issue is that Plaintiff is not entitled to the protection of the Rule 11 safe harbor because the First Amended Complaint sets forth the same claims as were alleged in the Complaint. Plaintiff denies that the Amended Complaint is the same as the original Complaint because, in the Amended Complaint, it specifically admits that, pursuant to Rule 11(b)(3), it needs to take more discovery to support certain specified allegations.

As noted in the Report and Recommendation, Plaintiff

filed its motion for leave to file the First Amended Complaint within the Rule 11 safe-harbor period. (Report and Recommendation 12.) The issue before this Court, therefore, is whether the proposed First Amended Complaint corrects the alleged deficiencies in the original Complaint. As the Second Circuit has held, "sanctions may not be imposed unless a particular allegation is utterly lacking in support." Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 388 (2d Cir. 2003) (internal quotation marks and citations omitted). Moreover, a party is permitted to make a "specific disclaimer that additional investigation is necessary" with respect to specified claims. O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir. 1996); see also Fed. R. Civ. P. 11(b)(3). For the reasons set forth in Section II.C.1., supra, and because the proposed First Amended Complaint specifically identifies those claims that are "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[,]" the Court finds that Plaintiff properly availed itself of Rule 11's safe harbor. Fed. R. Civ. P. 11(b)(3). Accordingly, Defendants' Rule 11 motions are DENIED.

III. Leave To Amend

Federal Rule of Civil Procedure 15(a) generally governs the amendment of pleadings. Rule 15(a) provides that

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's

> pleadings only by leave of court or by written
> consent of the adverse party; and leave shall
> be freely given as justice so requires.

Fed. R. Civ. P. 15(a); see also Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 259 (2d Cir. 2002); Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). Leave to amend should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court. Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603-04 (2d Cir. 2005); Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995).

Magistrate Judge Tomlinson recommended that Plaintiff's motion for leave to file a First Amended Complaint be granted. Defendants object to this recommendation based on (1) Plaintiff's admission to having no evidentiary basis for its allegations and (2) Plaintiff's undue delay. As previously discussed, Plaintiff identified allegations in the proposed First Amended Complaint that it needs to further investigate, as is permitted by Rule 11(b)(3). Consequently, this Court declines to deny Plaintiff leave to amend based on such admissions.

In the event Defendants are arguing that leave to amend would be futile, that argument is also unavailing. "A proposed amendment is futile when it fails to state a claim upon which relief can be granted." Health-Chem Corp. v. Baker, 915 F.2d 805,

12

810 (2d Cir. 1990). A determination of futility is governed by the same standards as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). Under Rule 12(b)(6), the Court must accept as true all the factual allegations in the Complaint and draw all reasonable inferences in favor of Plaintiff. See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989); see also Bolt Elec. Inc. v. City of New York, 53 F.3d 465, 469 (2d. Cir. 1995). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Dangler v. N.Y. City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir. 1999) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999) (quoting Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995)). For the reasons previously discussed in Section II, supra, Defendants simply have not shown that Plaintiff can prove no set of facts in support of its claims.

Moreover, other than stating that Plaintiff's motion should be denied in light of its undue delay, Defendants have offered no evidence, nor made any arguments, showing that they

would be prejudiced by the proposed First Amended Complaint or that Plaintiff acted in bad faith in requesting leave to amend. See Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) ("the rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the non-movant of prejudice or bad faith"); Resqnet.com, Inc. v. Lansa, Inc., 382 F. Supp. 2d 424, 449 (S.D.N.Y. 2005) ("Delay alone, in the absence of a showing of undue prejudice or bad faith, typically provides an insufficient basis for denying a motion to amend."); Fariello v. Campbell, 860 F. Supp. 2d 54, 70 (E.D.N.Y. 1994) ("The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial."). Accordingly, Plaintiff's motion for leave to amend is GRANTED.

CONCLUSION

Magistrate Judge Tomlinson, in her thorough and well-reasoned opinion, recommended that the Court deny Defendants' Rule 11 motions, grant Plaintiff's motion for leave to file a First Amended Complaint, deny Defendants' request for an immediate Markman hearing, and deny both parties' motions for costs and attorneys' fees. Having conducted a de novo review of the issues to which Defendants object, namely Defendants' Rule 11 motions and Plaintiff's motion for leave to amend, the Court agrees with Judge Tomlinson's conclusions. For the reasons set forth above, the Court hereby ADOPTS Judge Tomlinson's Report and Recommendation in

its entirety. Accordingly, Defendants' Rule 11 motions are DENIED, Plaintiff's motion for leave to amend is GRANTED, Defendants' request for an immediate <u>Markman</u> hearing is DENIED, and Defendants' and Plaintiff's motions for costs and attorneys' fees are DENIED.

                                              SO ORDERED

                                        <u>/s/ JOANNA SEYBERT</u>
                                        Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
            June 29, 2007