**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
RATES TECHNOLOGY INC.,

                                Plaintiff,

             - against -

MEDIATRIX TELCOM, INC. and
MEDIA5 CORPORATION,

                              Defendants.
-----------------------------------------------------------X

**ORDER**

CV 05-2755 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

## I.  PRELIMINARY STATEMENT

Plaintiff moves for reconsideration of my August 24, 2006 Order which granted Defendants a limited protective order concerning the review of their confidential information by Plaintiff's President, Gerald Weinberger. Defendants have filed opposition to the motion and Plaintiff has served a reply. Based upon my review of the parties' submissions and the applicable law, I find that there has been no showing that the Court overlooked controlling decisions or factual matters raised in the underlying motion which would warrant reconsideration of my August 24 Order.

Accordingly, Plaintiff's motion for reconsideration is hereby DENIED.

## II.  STANDARD OF REVIEW

Motions for reconsideration under Fed. R. Civ. P. 59(e) are governed by Local Civil Rule 6.3, which states that the motion must "set forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civil Rule 6.3. A motion for reconsideration is within the sound discretion of the district court. *See Metro. Opera Assoc. v. Local 100*, No. 00-CV-3613, 2004 WL 1943099, at *1 (S.D.N.Y. Aug. 27, 2004); *Bueno v. Gill*, 237 F. Supp. 2d 447, 449

(S.D.N.Y. 2002). In the Second Circuit, "the standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Bell Sports, Inc. v. Sys. Software Assocs., Inc.*, 71 F. Supp. 2d 121, 126 (E.D.N.Y. 1999). This heightened burden imposed on the movant is "to dissuade repetitive arguments on issues that have already been considered fully by the Court." *Ruiz v. Comm'r of the D.O.T. of the City of New York*, 687 F. Supp. 888, 890 (S.D.N.Y. 1988), *modified on other grounds*, 934 F.2d 450 (2d Cir. 1991). The scope on a motion for reconsideration is therefore, extremely narrow and has been described as an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).

## III.  <u>DISCUSSION</u>

Plaintiff asserts three grounds for reconsideration, namely, that: (1) the Court overlooked its August 18, 2006 letter which stated its objections to Defendants' terms of access to the confidential information for Defendants' President and its suggested protective order; (2) the Defendants did not sustain their burden to "show evidence supporting its objections" by showing "Mr. Weinberger would 'misuse confidential information,'" and; (3) the restrictions on Mr. Weinberger's access to Mediatrix's confidential, technical information violates Plaintiff's due process rights. *See* Pl.'s Mem. at 2-5. In opposition, Defendants argue that Plaintiff's motion for reconsideration should be denied because the Court's August 24 Order does not overlook "any relevant facts" and "neither misapplies nor overlooks the relevant law." Def.'s Mem. at 1.

Having considered each of Plaintiff's argument, as discussed *seriatim* below, I find that

Plaintiff has not met its burden to show that the Court overlooked relevant facts or law or that the

Court misapplied relevant law which would warrant reconsideration of my August 24 Order.

Protective orders limiting access to certain information to designated individuals such as

counsel and experts only are commonly entered in litigation involving trade secrets, confidential

research, development or commercial information.  *See, e.g.*, *Chembio Vesta Corset Co., Inc. v.

Carmen Found., Inc.,* No. 97-CV-5139, 1999 WL 13257, *1 (S.D.N.Y. 1999); *Quotron Sys.*, *Inc.

v. Automatic Data Processing, Inc.*, 141 F.R.D. 37, 40 (S.D.N.Y. 1992); *United States v. Davis*, 131

F.R.D. 391, 400 (S.D.N.Y. 1990); *Culligan v. Yamaha Motor Corp.*, 110 F.R.D. 122, 125-126

(S.D.N.Y. 1986); *Stillman v. Vassileff*, 100 F.R.D. 467, 468 (S.D.N.Y. 1984).  This is particularly

true in patent cases which often require orders mandating that technical information be disclosed

only to the receiving party's trial attorneys and certain designated experts retained for the litigation.

*See, e.g., Spartanics, Ltd. v. Dynetics Eng'g Corp.*, 54 F.R.D. 524 (N.D. Ill. 1972); *Triangle Ink &

Color Co., Inc. v. Sherwin Williams Co.*, 61 F.R.D. 634 (N.D. Ill. 1974); *Davis v. General Motors

Corp.*, 64 F.R.D. 420 (N.D. Ill. 1974).  As stated by the court in the frequently cited case, *Safe Flight

Instrument Corp. v. Sunstrand Data Control, Inc.*, 682 F. Supp. 20, 22 (D. Del. 1988), "courts often

afford fuller protection to technological information than that extended to ordinary business

information.  *Id.* (citing *United States v. Lever Brothers Co.*, 193 F. Supp. 254, 257 (S.D.N.Y.

1961)); *see also Maritime Cinema Serv. Corp. v. Movies En Route, Inc.*, 60 F.R.D. 587, 590

(S.D.N.Y. 1973).

Contrary to Plaintiff's argument, the Court is not required to make a finding that RTI's

President would misuse confidential information prior to entry of a protective order.  Rather, as

courts have held, the imposition of a protective order is warranted based upon the circumstances and respective positions of the parties in litigation. In *Safe Flight Instrument Corp.*, 682 F. Supp. at 20, a patent infringement action, the court encountered a similar factual scenario as the one presented here involving the plaintiff company's president and his ability to view defendant company's confidential documents. *Id.* at 20. The *Safe Flight* court granted defendant's motion for a protective order and stated the following:

> [f]irst, accepting that Mr. Greene is a man of great moral fiber, we nonetheless question his human ability during future years of research to separate the applications he has extrapolated from Sunstrand's documents from those he develops from his own ideas.

682 F. Supp. at 22. Similarly, in *Tailored Lighting, Inc. v. Osram Sylvania Products, Inc.*, 236 F.R.D. 146, 149 (W.D.N.Y. 2006), the court held that:

> [l]ike the court in *Safe Flight*, this Court has no reason to question the integrity of plaintiff's president and patent inventor; nonetheless, it seems unreasonable to expect that anyone working to further his own scientific and technological interests would be able assuredly to avoid even the subconscious use of confidential information revealed through discovery that is relevant to those interests.

Therefore, Plaintiff's argument that the Court was required to base its August 24 Order on evidence that RTI's President would misuse confidential information is simply incorrect. As noted by the courts in *Safe Flight* and *Tailored Lighting, Inc.*, no evidence of misuse is required where such a restriction is a reasonable prophylactic measure taken to avoid possible future disclosure or use of confidential information. *See Tailored Lighting, Inc.*, 236 F.R.D. at 149; *Safe Flight Instrument Corp.*, 682 F. Supp. at 22. These types of protective orders are based upon exposure to confidential information and the respective industries of the parties in litigation, rather than upon some prior

history of malfeasance by the reviewing party. Additionally, I note that my August 24 Order imposes a lesser restriction than that contained in *Safe Flight* and *Tailored Lighting, Inc*. As the August 24 Order sets forth, Mr. Weinberger is not restricted from reviewing confidential documents. To the contrary, the protective order issued here only requires Weinberger to review documents in the office of Plaintiff's counsel and not to remove documents or notes from that office. [DE 70] This is a prudent course of action based upon the totality of the circumstances. *Id.*

Further, Plaintiff's argument that the Court failed to consider its August 18, 2006 letter [DE 64] or its proposed order is simply without merit. Plaintiff's August 18, 2006 letter, listed as entry 64 on the docket sheet, is cited on the very first page of my August 24 Order: "[s]ince that time, Plaintiff's counsel submitted a **letter dated August 18, 2006 [DE 64]**, in which he stated that Plaintiff was authorizing the release of the documents delivered to my chambers on July 1, 2006." [DE 70] (emphasis supplied). Moreover, in the August 24 Order, I further note that "[i]n light of my review of the particular circumstances of this case, **the proposed orders of both parties**, the relevant case law and the parties' submissions, I find that a protective order requiring Mr. Weinberger, Plaintiff's President, to review documents in the office of Plaintiff's counsel and not to remove documents or notes from that office, is a reasonable course of action based upon the totality of the circumstances here." *Id.* (emphasis supplied). Given the fact that Plaintiff's August 18, 2006 letter and Plaintiff's proposed order are both cited in the August 24 Order, Plaintiff's argument that the Court failed to consider these two documents in reaching its determination is without merit and consequently reconsideration on this asserted basis is not warranted.

Plaintiff's argument that my August 24 Order violates its "due process rights to meaningfully review information about the defendant's infringing products," *see* Pl.'s Mem. at 9-10, is equally

unavailing. On this point, Plaintiff asserts that it is entitled to take discovery to develop its infringement and claims construction theories and that the August 24 Order, in prohibiting President Weinberger to "meaningfully participate in reviewing discovery," violates its due process rights. *Id.* In support of this argument, Plaintiff cites *Columbus-America Discovery Group v. Atlantic Mutual Insurance Co.*, 974 F.2d 450 (4th Cir. 1992), in which the Fourth Circuit Court of Appeals held that the district court abused its discretion by forcing certain intervening parties to begin trial "without an opportunity for **any discovery**." *Id.* at 470 (emphasis supplied). The Fourth Circuit found the circumstances to constitute a violation of due process. *Id.* Plaintiff's reliance on this case as applicable to the circumstances here misses the mark. The Court's August 24 Order does not prohibit Plaintiff from taking any discovery prior to trial. Rather, it merely sets parameters for how certain confidential information is to be treated during discovery by Plaintiff's President. This ruling does not violate Plaintiff's due process rights or its ability to take discovery in support of its claims here. Therefore, I find that there is no violation of due process and I respectfully note that *Columbus-America Discovery Group*, 974 F.2d at 470 is inapplicable to the facts and circumstances here.

Based on the foregoing, Plaintiff has not met its burden by pointing to controlling decisions or data that the Court overlooked which might reasonably be expected to alter the conclusion reached by the Court. *See Shrader*, 70 F.3d at 257.

**IV.** **CONCLUSION**

For all the foregoing reasons, Plaintiff's motion for reconsideration is hereby DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
September 5, 2007

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge
