**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
RATES TECHNOLOGY INC.,

                        Plaintiff,

           - against -

MEDIATRIX TELCOM, INC. and
MEDIA5 CORPORATION,

                      Defendants.
-----------------------------------------------------------X

**ORDER**

CV 05-2755 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**     **PRELIMINARY STATEMENT**

The subject of this Order has given rise to a series of motions to compel brought by both parties concerning the claim construction of the patents at issue here, namely, the '085 and '769 patents. A detailed factual and procedural history of this case is set forth in the Court's Report and Recommendation of March 16, 2007, familiarity with which is assumed for purposes of these motions. For the following reasons, Plaintiff's motions to compel [DE 94, 118] are hereby DENIED and Defendants' motion [DE 93] is hereby GRANTED, provided that Plaintiff does not fully and adequately respond to Interrogatory No. 3 within the time frame set forth herein.

**II.**     **STANDARD OF REVIEW**

A motion to compel is entrusted to the sound discretion of the district court. *American Sav. Bank, FSB v. UBS Paine Webber, Inc.,* (*In re Fitch, Inc.*), 330 F.3d 104, 108 (2d Cir. 2003); *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000). The Second Circuit has noted that this is because a "trial court enjoys wide discretion in it handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *DG Creditor*

*Corp. v. Dabah*, (*In re DG Acquisition Corp.*), 151 F.3d 75, 79 (2d Cir. 1998) (citing *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992)). A district court is considered to have abused its discretion "if it bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

### III. DISCUSSION

Although there are several motions to compel pending before the Court, the gravamen of the parties' arguments and the fundamental issue at stake here are the same and relate to the ongoing issue of specific Interrogatory responses which date to the beginning of this case but are still not resolved.

Defendants' letter motion [DE 93] seeks a "dismissal of this action with prejudice and attorney fees" based upon Plaintiff's failure to provide a response to Interrogatory No. 3 which calls for Plaintiff to identify on an "element-by-element basis" the "component, structure, feature, functionality, method or process of each accused Mediatrix product that allegedly satisfies each element." [DE 93] Defendants argue that the severe sanction of dismissal is warranted because Plaintiff has repeatedly flouted the Orders of this Court by failing to adequately respond to this Interrogatory. In opposition, Plaintiff argues that it cannot produce information which it does not have and asserts that it has "no further responsive information at this time." [DE 99] Plaintiff also adds that "the main reason RTI doesn't have further information is that Mediatrix won't meaningfully respond to RTI's own discovery (as detailed by RTI's pending motion to compel Mediatrix to answer interrogatories and produce documents)." *Id.* The motion to compel referred to by Plaintiff, docketed as entry 94, seeks Defendants' response to its Interrogatory Nos. 2 and 4

which, curiously, also seeks "an element-by-element analysis of RTI's infringement claims." [DE 94] Specifically, Plaintiff argues that:

> Mediatrix should be ordered, separately for each claim limitation of the Patents-in-suit that it identified in its original responses to RTI's Interrogatories Nos. 2 and 4, to state the basis for its contention that each of its accused products and services, and/or the telephone system to which they are connected, fails to meet such claim limitations, including by identifying on an element-by-element basis why they allegedly fail to meet such elements of those claim limitations.

*Id.* Plaintiff maintains that it is entitled to obtain this information through discovery in order to develop its infringement claims and supplement its pre-filing investigation. *Id.* In opposition to Plaintiff's motion to compel, Defendants argue that Plaintiff is seeking to have it "disprove infringement" which is not the appropriate standard here. Additionally, Defendants assert that it is impossible to answer "why" various claim elements are not present in the accused Mediatrix products and services because, as Defendants' answers states, Defendants' products physically lack the elements. [DE 100]

Plaintiff's letter motion to compel, docketed as entry 118, renews its prior motion to compel responses to Interrogatories Nos. 2 and 4 and seeks a response to Interrogatory No. 25 which requests the same information sought in Interrogatories Nos. 2 and 4.[1] Additionally, in this letter motion to compel, Plaintiff seeks a further response to Interrogatory No. 25 which calls for a description of the factual basis of a statement made by defense counsel that Cablevision cut Gerald Weinberger's

---

[1] Plaintiff's Interrogatory No. 25 provides: "Separately for each claim limitation of the Patents-in-suit that identified in original responses to Interrogatories Nos. 2 and 4, to state the basis for contention that each accused products and services, and/or telephone system to which they are connected, fails to meet such claim limitations, including by identifying on an element-by-element basis why they allegedly fail to meet such elements of those claim limitations."

cable service due to so-called "erratic behavior." [DE 118] This information was brought to the Court's attention tangentially in earlier motion practice which the Court found "not germane" as noted in the Court's August 24 Order. [DE 70] I find that this information is still not relevant to any of the claims and defenses in this action. Accordingly, Defendants are not required to furnish a response to Interrogatory No. 25.

Both parties seek to have the other provide an element-by-element claim construction analysis. Defendants seek to have Plaintiff show where the elements of the claims are found in the Mediatrix products at issue. Plaintiff seeks to have Defendants provide information (1) why their products do not infringe RTI's patents; and (2) specifically, why each of Defendants' claims fails to meet such claim limitations, including, on an element-by element basis, why they fail to meet such elements of those claim limitations. This issue is not new and has been revisited by the Court on several occasions. On November 4, 2005, Magistrate Judge Orenstein directed Plaintiff to provide detailed answers to these interrogatories by December 19, 2005. [DE 14] On January 19, 2006, Magistrate Judge Orenstein found Plaintiff's responses to be inadequate and ordered Plaintiff to properly respond by February 15, 2006. [DE 19] On July 20, 2006, the parties appeared before me for a status conference at which time I also found that Plaintiff had not adequately responded to Defendants' Interrogatory Nos. 2 and 3 and granted Defendants' motion to compel as to these interrogatories. [DE 60] Further, I gave Plaintiff until August 28, 2006 to supplement its responses and emphasized that, based on the prior history of this issue, this is "Plaintiff's <u>final</u> opportunity to comply with this Court's orders and the rules of discovery. Should Plaintiff fail to do so, the Court will fashion an appropriate remedy." *Id.* (emphasis in original). Evidently, Plaintiff's counsel did not heed the Court's directives and this latest motion practice ensued.

It is well settled that a prima facie case of literal infringement (which Plaintiff asserts is the basis of his infringement claim, as well as a claim of contributory infringement) requires the accused matter to fall clearly within the patent claim, and this means that "every limitation of a claim [must] be met to establish literal infringement." *Honeywell Int'l, Inc. v. United States*, 70 Fed. Cl. 424, 446 (Fed. Cl. 2006) (quoting *Intellicall, Inc. v. Phonometrics, Inc.*, 952 F.3d 1384, 1389 (Fed. Cir. 1992)); *see also Angelo Mongiello's Children, LLC, v. Pizza Hut, Inc.*, 70 F. Supp. 2d 196, 206 (E.D.N.Y. 1999). As stated in *Honeywell*, "federal trial courts are to compare each of the 'properly construed' claims to the alleged infringing device." *Honeywell*, 70 Fed. Cl., at 446. "To prove literal infringement, the patentee must show by a preponderance of the evidence that the device accused of infringement contains every limitation in the asserted claims." *Windbrella Prods. v. Taylor Made Golf Co.*, 414 F. Supp. 2d 305, 311 (S.D.N.Y 2006). Therefore, as stated in my July 20, 2006 Order, Defendants' counsel, in order to properly defend this case, has a right to know, on an element-by-element basis, every limitation of a claim that Plaintiff expects to proffer to establish literal infringement of the respective patents at issue here. Plaintiff is not relieved of this burden simply because it has requested the same information in a different way and filed motions to compel for the same relief. Plaintiff is charged with the prosecution of this action and it is its sole responsibility to demonstrate infringement. *See Under Sea Indus., Inc. v. Dacor Corp.*, 833 F.2d 1551, 1557 (Fed. Cir. 1987) (holding that "the burden is always on the patentee to show infringement"). A plaintiff in a patent infringement action is relieved of this burden only in certain limited circumstances as noted by the court in *New York University v. E.piphany, Inc.*, No. 05-CV-1929, 2006 WL 559573, at *3 (S.D.N.Y. Mar. 6, 2006). There, the court noted that parties in computer software infringement cases often find themselves in the following "Catch-22:"

> Software cases present unique challenges for the parties and the courts because, prior to discovery, plaintiffs usually only have access to the manifestation of the defendants' allegedly infringing source code and not the code itself. From this manifestation, plaintiffs must somehow divine whether the defendants' code infringes. Although defendants vigorously and rightly guard their source code, until plaintiffs have access to it, plaintiffs are typically unable to give highly specified infringement contentions. To the extent defendants are given vague infringement contentions, they are hampered in their ability to prepare their defense.

*Id.* at *3 (quoting *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005)). The court noted that under these limited circumstances, a defendant may be required to provide source code for the software so that the plaintiff can be more specific about its claims. *Id.* at *3. But, as the court emphasized in *E.piphany, Inc.,* the plaintiffs may first be required to demonstrate that they exhausted all other ways of exploring potential infringement. *Id.* at *3 (citing *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005)).

Although the allegations in the First Amended Complaint here make reference to certain "Unit Manager Network" and "IP Communications Server" software, this case is not entirely a computer software infringement action nor have the parties ever asserted that access to Defendants' software source code is the root of the problem here. Indeed, the software issue here is tangential as shown by a copy of a March 15, 2005 opinion letter by consulting engineer Shlomo Shur which was submitted by Plaintiff in opposition to Defendants' Rule 11 motion. The letter states "I carefully reviewed and tested one of the Mediatrix ATA product series and I also reviewed the website literature of the other products and services..." *See* Declaration of James B. Hicks, Esq. ¶ 5, Ex. D. In his letter, Shur offers the following,

> it is my opinion that contributory and induced infringement
> are clearly present with the functionality of the Product.
> Direct infringement is also present, in so far as the Doctrine
> of Equivalents part of direct infringement; I cannot tell about
> literal infringement (the other part of direct infringement)
> until we can get discovery and I can see the schematics,
> firmware, software and electronics drawings of the product,
> so I will not at this time express my opinion about the literal
> infringement part of direct infringement.

*Id.*

Therefore, based on this letter and the discovery produced by Defendants thus far, which from the Court's perspective is substantial, Plaintiff should be able to make an element-by-element claim construction analysis at this point. It is routine practice in patent infringement actions to require a plaintiff to provide defendant with its claim construction. *See, e.g., Whitserve LLC v. Computer Patent Annuities*, No. 04-CV-1897, 2006 WL 1273740, at *3 (D. Conn. May 9, 2006); *Tritek Tech., Inc. v. United States*, 63 Fed. Cl. 740, 742 (Fed. Cl. 2005); *Refac Int'l, Ltd. v. Hitachi, Ltd.*, 921 F.2d 1247, 1255 (Fed. Cir. 1990). This case is no different.

Rule 37 provides in pertinent part as follows:

> If a party . . . fails to obey an order to provide or permit discovery,
> . . . the court in which the action is pending may make such orders
> in regard to the failure as are just, and among others the following:
>
> . . . .
>
> (C) An order . . . dismissing the action or proceeding . . .

Fed. R. Civ. P. 37(b)(2)(C). This Rule 37 sanction lies within the broad discretion of the district court. *See, e.g., Corp. of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 36 (2d Cir. 1987). "[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault on the part of the [sanctioned party]." *Bobal v. Rensselaer*

*Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990). As the Supreme Court has noted, however, "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976); *see also Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988) (affirming magistrate judge's decision to award summary judgment against party who failed to comply with discovery orders: "[W]e wish to emphasize the importance we place on a party's compliance with discovery orders. Such compliance is necessary to the integrity of our judicial process. A party who flouts such orders does so at his peril. If one suggests that our decision today is strong medicine, that is precisely what it is intended to be.").

Although Plaintiff repeats caselaw for the proposition that it is entitled to take discovery to support its claims, this action is well past the pleading stage and Plaintiff's ongoing history of noncompliance here borders on a finding that such action is willful. *See, e.g.*, *Refac Int'l, Ltd.*, 921 F.2d at 1255 (holding that the extent of plaintiff's noncompliance supports a willfulness finding and plaintiff's "inability to spell out a proper basis for charging infringement more than a year after bringing suit highlights its willfulness."). I find the best way to determine which claims are in dispute here is to have the party asserting infringement provide their interpretations to the alleged infringer so that the Defendant can determine which terms they agree on and which they do not. This is basic claim construction which Plaintiff should be able to provide at this juncture.

Consequently, in light of the above information and the prior orders of this Court, I am giving Plaintiff one final opportunity to respond to Defendants' Interrogatory No. 3. Plaintiff is directed

to do so no later than September 27, 2007. This final opportunity is being given so as not to prejudice the Plaintiff's rights in this action. I am cautioning Plaintiff however, that this is indeed its last opportunity to comply with the directives of this Court and Plaintiff proceeds at its own peril. If a full and complete response is not provided to Defendants with respect to Interrogatory No. 3, I shall recommend to District Judge Seybert that this matter be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(C).

Finally, in its letter motion, docket entry 94, Plaintiff argues that:

> Mediatrix should also be ordered to produce all of its product, technical and application manuals; part lists; electronics schematics, bills of material; systems and network diagrams' and software and firmware, in its accused gateways, edge routers, ATA devices, voice modems, IP and legacy PBX's, IP telephones, and core routers which comprise an IP system or network handling VoIP-type calls; and to organize and label its documents to correspond to RTI's requested categories.

In opposition, defense counsel argues that it has provided this information electronically and notes that Plaintiff's counsel advised him "that it could not open some of the electronic files that Mediatrix produced." [DE 100] Defendants' counsel notes that "he does not understand how Rates could claim that it does not have sufficient information to analyze Mediatrix's products without being able to open the files that Mediatrix produced." *Id.*

It appears that the parties have not engaged in the good faith "meet and confer" required under Local Civil Rule 37.3. Since this information is important to the claim construction issue, I am directing the parties to meet and confer to resolve this issue no later than September 14, 2007. If necessary, I am directing the parties are to meet and open the electronic files together so that the

9

information contained therein may be accessed. If the parties have any issues they are directed to notify me immediately.

## IV. CONCLUSION

Accordingly, Plaintiff's motions to compel [DE 94, 118] are hereby DENIED and Defendants' letter motion [DE 93] is hereby GRANTED provided that Plaintiff does not fully and adequately respond to Interrogatory No. 3 by September 27, 2007.

**SO ORDERED.**

Dated: Central Islip, New York
September 5, 2007

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge