UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RATES TECHNOLOGY, INC.,

               Plaintiff,             MEMORANDUM & ORDER
                                                          05-CV-2755(JS)(AKT)

   -against-

MEDIATRIX TELECOM, INC. and
MEDIA5 CORPORATION,

               Defendants.
----------------------------------X

APPEARANCES
For James Hicks    James B. Hicks, Esq.
and Hicks Park     Hicks Park Law, LLP
Law LLP:            824 Wilshire Blvd., Suite 300
                    Los Angeles, CA 90071

For Burke,         George Lindahl, Esq.
Williams &          Lindahl Beck LLP
Sorenson LLP:      660 South Figueroa Street, Suite 1500
                    Los Angeles, CA 90017

For Defendants:    Daniel Carl Miller, Esq.
                    Ethan Horwitz, Esq.
                    King & Spalding, LLP
                    1185 Avenue of the Americas
                    New York, NY 10036-4003

SEYBERT, District Judge:

       This is the latest and hopefully last chapter in the tortured story of this patent infringement suit. Pending before the Court is Defendants Mediatrix Telecom, Inc. and Media5 Corporation's (together, "Defendants" or "Mediatrix") motion for sanctions against Plaintiff's primary counsel, James B. Hicks, Esq. ("Hicks") and two law firms, Hicks Park Law LLP and Burke, Williams, & Sorenson LLP ("BWS" and, with Hicks Park Law LLP,

the "Law Firms"). Mediatrix's motion originally sought sanctions pursuant to Section 1927 of Title 28 of the United States Code ("Section 1927") and as an "exceptional case" under federal patent law, see 35 U.S.C. § 285, against Hicks and the Law Firms plus Plaintiff Rates Technology, Inc. ("RTI"), Ervin, Cohen & Jessup LLP ("EC&J"), David Lazer, Esq. ("Lazer"), and Lazer, Aptheker, Rosella & Yedid, P.C. ("LAR&Y"). Mediatrix since settled its dispute with RTI, EC&J, Lazer, and LAR&Y, and it clarifies that its only outstanding request for relief is Section 1927 attorneys' fees sanctions against Hicks and the Law Firms. (Def. Reply 1.) In its discretion, the Court denies Mediatrix's motion.

## DISCUSSION

The Court will not belabor this case's long and ugly history except to remind the reader that the Court previously sanctioned Plaintiff and Hicks for discovery violations. Pursuant to Federal Rule of Civil Procedure 37, the Court dismissed Plaintiff's case with prejudice and awarded Defendants their reasonable attorneys' fees incurred as a result of the misconduct (the "Discovery Sanctions"). (See generally Docket Entry 205.) The Court first addresses the standard governing Section 1987 sanctions and then considers the substance of Defendants' application.

2

I. Section 1927

Section 1927 applies to bad faith conduct by attorneys, not their clients. The statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Courts in this circuit construe the statute "narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." Romeo v. Sherry, 308 F. Supp. 2d 128, 148 (E.D.N.Y. 2004) (quoting Mone v. C.I.R., 774 F.2d 570, 574 (2d Cir. 1985) (internal citations omitted)). The purpose of the statute is to deter dilatory tactics, unnecessary delays in litigation, and bad faith conduct by attorneys. Id. (citing United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991); Hudson Motors P'ship v. Crest Leasing Enters., Inc., 845 F. Supp. 969, 978 (E.D.N.Y. 1994); and Herrera v. Scully, 143 F.R.D. 545, 551-552 (S.D.N.Y. 1992)). Unlike the objective standard of Federal Rule 11, Section 1927 "requires a clear showing of bad faith." Novelty Textile Mills, Inc. v. Stern, 136 F.R.D. 63, 72-73 (S.D.N.Y. 1991); see also Int'l Bhd. of Teamsters, 948 F.2d at

3

1345 ("Bad faith is the touchstone of an award under this statute."); Hudson Motors, 845 F. Supp. at 978 (holding that "[w]ithout a demonstration of bad faith on the part of the attorney in question, sanctions pursuant to this statute are inappropriate").

II. Additional Sanctions Are Not Warranted

In the present motion, Defendants essentially ask the Court to extrapolate the bad faith finding on which the Discovery Sanctions were premised to conclude that Hicks and the Law Firms vexatiously multiplied the entirety of these proceedings. Defendants thus ask for the fees they incurred in defending the whole litigation. (Def. Br. 10-12.) Although this argument is not without appeal, the Court denies Defendants' request.

As to the Law Firms, it is not clear whether firms--as opposed to individual attorneys--can be sanctioned under Section 1927. See In re R&J Ventures, Inc., Bankr. Nos. 07-61462, 07-61325, Adv. Nos. 05-90086, 05-90085, 2007 WL 4287715, at *5 (Bankr. N.D.N.Y. Dec. 4, 2007) (noting split of authority). Although the Second Circuit has impliedly authorized Section 1927 sanctions against law firms, see Apex Oil Co. v. Belcher

Co. of N.Y., Inc., 855 F.2d 1009, 1020 (2d Cir. 1988), two recent cases from other Circuits that have squarely addressed this issue have concluded that district courts may not use Section 1927 to sanction firms. BDT Prods., Inc. v. Lexmark Int'l, Inc., 602 F.3d 742, 751 (6th Cir. 2010); Claiborne v. Wisdom, 414 F.3d 715, 723 (7th Cir. 2005). But see Brignoli v. Balch Hardy & Scheinman, Inc., 735 F. Supp. 100, 102 (S.D.N.Y. 1990). This Court finds the reasoning of BDT and Claiborne persuasive in that law firms are neither attorneys nor "person[s] admitted to conduct cases in any court," 28 U.S.C. § 1927, and thus are not covered by Section 1927, see BDT, 602 F.3d at 751 (quoting Claiborne, 414 F.3d at 722-23).[1] This interpretation of Section 1927 is particularly sensible in this case because Defendants have made no effort to parse the Law Firms' relative culpability[2] even though Hicks was only affiliated with BWS for a relatively brief time in the span of this case. Nor have they attempted to explain how the Law Firms themselves acted in bad faith. See Prim v. Peatco Ltd. L.P.,

---

[1] The Court notes that BWS raised this argument in opposition to Defendants' motion (BWS Opp. 17) and Defendants ignored it in their reply brief.

[2] Instead, Defendants maintain that Hicks and the Law Firms should be held jointly and severally liable for Defendants' attorneys' fees. (See Def. Reply 10.)

No. 90-CV-7272, 1994 WL 570754, at *7 n.2 (S.D.N.Y. Oct. 17, 1994) (declining to sanction law firm where there was no evidence of wrongdoing beyond that of individual lawyer).

As to both Hicks and the Law Firms, the Court finds that to the extent that Hicks or others vexatiously multiplied these proceedings, much of the offending conduct was addressed by the Discovery Sanctions. (See Docket Entry 205 at 13 ("[T]he discovery abuses were the driving force behind the protracted nature of this litigation . . . . [T]he sanction in this case . . . encompasses all of the fees and expenses that grew out of Plaintiff's and Hicks' refusal to obey Judge Tomlinson's discovery orders.").) To be sure, Defendants argue here that the conduct at the heart of the Discovery Sanctions shows that this case should not have been brought in the first place. (Def. Br. 10-12.) And, contrary to Hicks' contention (Hicks Opp. 6), Judge Tomlinson ultimately concluded that Plaintiff's pre-suit investigation was neither reasonable nor made in good faith (Docket Entry 155 at 34). But Section 1927 is not aimed at a plaintiff's pre-filing conduct, see, e.g., Steinert v. Winn Group, Inc., 440 F.3d 1214, 1224-25 (10th Cir. 2006); DeBauche v. Trani, 191 F.3d 499, 511 (4th Cir. 1999); In re Keegan

6

Management Co., Sec. Litig., 78 F.3d 431, 435 (9th Cir. 1996), and, from the Court's perspective, the Discovery Sanctions account for, either explicitly or implicitly, much of the conduct that Defendants find objectionable. Further, Defendants have not made the requisite clear showing that the objectionable conduct beyond that covered by the Discovery Sanctions was motivated by bad faith rather than "poor legal judgment," see Salovaara v. Eckert, 222 F.3d 19, 35 (2d Cir. 2000) (quoting Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F.3d 323, 340 (2d Cir. 1999)). Nor have Defendants persuaded the Court that the taint of its earlier bad faith finding should be imputed to every move Plaintiff and its counsel made throughout the litigation. Although reasonable observers may disagree, the Court thinks that the Discovery Sanctions were and are the appropriate remedy and deterrent in this matter. See Salovaara, 222 F.3d at 27 (explaining that although district courts act within their discretion to impose attorneys' fees as sanctions, they should exercise that authority "with restraint and discretion" (quoting Schlaifer Nance, 194 F.3d at 334)).

## CONCLUSION

Based on the foregoing discussion, Defendants' motion for additional sanctions (Docket Entry 207) is DENIED.

SO ORDERED,

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 19, 2012
Central Islip, New York

8